### ZARKOWSKI v. SCHROEDER.

(Supreme Court, Appellate Division. Second Department. April 19, 1901.)

1. SUBMITTED CONTROVERSY — AGREED FACTS— INSUFFICIENCY—MORTGAGES—TIME OF MATURITY.
　　A controversy as to whether or not the title to certain real estate was clear was submitted on an agreed statement of facts, which averred that defendant bought at a foreclosure sale, where the right of the plaintiff in foreclosure was doubtful because he took the mortgage with knowledge that his assignor took the same subject to an express trust, and, further, that the mortgage had been due for over 20 years, with no proof of payment of principal or interest. Defendant claimed that the assignment to the plaintiff in foreclosure expressed the consideration of a certain sum, "the face value of said mortgage," and that the receipt of this sum terminated the trust. There was no statement as to when the mortgage

matured, nor the amount for which it was given. *Held*, that the statement of facts was insufficient to enable the court to render intelligent judgment, and hence the submission should be dismissed.

2. SAME—JUDGMENT.

Under Code Civ. Proc. § 1280, providing that, after a controversy has been submitted on an agreed statement of facts, it is thenceforth an action, a submitted controversy, which provides that in case of a decision for the plaintiff he shall have judgment, but in case of decision for defendant the parties "shall be left in their present condition," is defective, because not providing for judgment for defendant, and should, therefore, be dismissed.

Submitted controversy by Stanislaw Zarkowski against Sophia L. Schroeder. Dismissed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Paul Hellinger, for plaintiff.
Fred L. Gross, for defendant.

HIRSCHBERG, J. The controversy is in relation to the title to real estate which the defendant has conveyed to the plaintiff. The submission provides that, if the title is not clear, the plaintiff shall have judgment for damages and other appropriate relief; while, if the title is found to be clear, the parties shall "be left in their present condition." The submission is defective as to facts. The defendant acquired by purchase at a foreclosure sale, the mortgage foreclosed probably being a purchase-money mortgage executed to Joseph E. Van Mater, August 7, 1869. At all events, the submission states that the complaint in the action "shows" this mortgage, and no other mortgage is referred to; but there is no statement showing what the action was brought for. Assuming that this is the mortgage foreclosed, it appears that it was assigned March 30, 1870, to James E. Mallory and Wilson H. Blackwell, by an instrument also assigning 12 other mortgages in trust to collect the interest and principal, and pay over all moneys to Joshua B. Washburn on account of $24,250 owed by Van Mater to Washburn. The mortgage was thereafter assigned by these assignees to one Von Oehsen, and by him to Andrew J. Smith, the plaintiff in the foreclosure suit. The plaintiff claims that the assignment to Mallory and Blackwell was coupled with an express trust, of which their assignee was aware, and to which he took subject, and that the rights of the cestui que trust are an outstanding cloud on the title. He further claims that the evidence was insufficient to justify a finding that the plaintiff was entitled to judgment in the foreclosure suit, inasmuch as "the mortgage was over twenty years overdue," and there is no proof of payment of principal or interest to rebut the presumption of payment. The defendant insists that the assignment by Mallory and Blackwell to Von Oehsen expresses the consideration of "four hundred and forty-one dollars, the face value of said mortgage," and that on the receipt of that sum the trust terminated as to this mortgage; and that, as to the statute of limitations, certain evidence given before the referee to compute amount due served to rebut the presumption of payment arising from the lapse of time. The submission, however, does not show how long the mort-

gage in question was drawn for,—that is to say, what was the date of its maturity; nor does it show the amount for which the mortgage was given. $441 was found to be due for principal at the time of the foreclosure, but this does not tend to prove that that amount constituted the entire original principal, nor does any allegation in the complaint so tend. The submission is equally silent as to the consideration expressed in the assignment from Mallory and Blackwell, and as to how much in fact Von Oehsen paid on the transfer of the mortgage. The court is consequently not in the possession of any facts by which the claim of either party can be verified.

The submission is further defective in not providing for judgment in defendant's favor in case of a decision favorable to her. Upon submission the controversy becomes an action, pursuant to section 1280 of the Code of Civil Procedure, "and each provision of law relating to a proceeding in an action applies to the subsequent proceedings therein." The action accordingly, however decided, should terminate in a judgment, and the condition in the submission that judgment may only be rendered in case of a decision in the plaintiff's favor is irregular.

The submission should be dismissed, without costs to either party. All concur.