Bowman et al. v. Lee.

--------·--------

E. B. BOWMAN *et al.*, Respondents, *v.* JOSIAH LEE, Appellant.

1. *Ejectment — Possession, adverse, what sufficient.*— Possession, to be adverse and bar the original owner, must be actual, open and notorious, under claim of ownership, and continuous and uninterrupted, either in the party holding or his grantor.

2. *Conveyances — Record — Notice.*— One who has a conveyance from the actual owner of land, directly or through others, is protected under the registry act, although there may have been a previous conveyance, provided such prior deed be unrecorded and he has no actual knowledge of its existence.

*Appeal from Davies County Common Pleas.*

*James McFerran,* for appellant.

*Vories & Vories,* and *D. Metcalfe,* for respondents.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs bring ejectment, and rely upon a United States patent to their ancestor. Defendant relies upon the statute of limitations, and claims to be an innocent purchaser without notice. The case was submitted to a jury upon elaborate instructions, who gave a verdict for the plaintiff, upon which judgment was rendered.

This is one of the numerous cases that are improperly brought into this court. The record is a long one, and shows no error. Appellant complains of the instructions, but they give the law in relation to adverse possession carefully and correctly. They show that possession, to be adverse and bar the original owner, must be actual, open and notorious, under claim of ownership, and continuous and uninterrupted, either in defendant or his grantors. Defendant purchased in 1867; showed no actual possession in his grantors, but only some acts of ownership, and sought to substitute such acts of ownership for the actual possession required in order to overcome the constructive possession that follows the title.

Defendant's grantor purchased at sheriff's sale upon execution against one who had no title or vendible interest ; and in some of the instructions which he claims should have been given, he seems to suppose that there is some special virtue in a sheriff's deed, and that a sale by the sheriff can give a better title than that of the execution debtor. The defense also, that the defendant was an innocent purchaser, was wholly misconceived. One who has a conveyance from the actual owner, directly or through others, is protected under the registry act, although there may have been a prior conveyance, provided the latter is unrecorded and he has no actual notice of its existence. But it is not pretended that the plaintiff's ancestor, who held the title to the land, or his heirs, ever made any conveyance whatever ; and the defendant could not have been deceived unless he purchased blindly.

The other judges concurring, the judgment will be affirmed.