HUNNEWELL et al., Appellants, v. BURCHETT.

Division Two, December 12, 1899.

1. **Ejectment:** LIMITATIONS: CONTINUOUS ADVERSE POSSESSION: CLAIM OF OWNERSHIP. To bar the true owner of his right to possession of land, the possession of both the occupant and those under whom he claims must be open, notorious, continuous and adverse for the period of ten consecutive years next before the beginning of the suit, under a claim of ownership.

2. ———: CLAIM OF OWNERSHIP: DEED: POSSESSION. The sale of land by deed by one in possession thereof, and the making of improvements thereon, will justify the presumption, if there is no evidence to the contrary, that the possession was under claim of ownership.

3. ———: ———: ———: KNOWLEDGE AND INTENTION OF CLAIMANT. But if the defendant, who bought the land less than ten years before the suit was begun, thought at the time it was government land, and intended to make a homestead of it if it suited him, and did not learn for three or four years thereafter that it was not government land and never had been subject to homestead, he did not buy it, nor hold it for those years, under claim of ownership, nor was his possession adverse.

*Appeal from Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

WALLACE PRATT and W. J. ORR for appellants.

(1) Respondent's possession of the strip of ground in dispute was not under claim of title for ten years prior to the institution of this suit. DeBarnardi v. McElroy, 110 Mo. 650; Allen v. Mansfield, 108 Mo. 343; Kansas City Milling Co. v. Riley, 133 Mo. 574; Bradly v. West, 60 Mo. 33. (2) Respondent's possession was not hostile in its inception or continuance to the true title of the owner. Maberry v. Dollarhide, 98 Mo. 198; Burke v. Adams, 80 Mo. 504; Nave v. Smith, 95 Mo. 596; Moore v. Harris, 91 Mo. 616; Knowlton v. Smith, 36 Mo. 507; Pharis v. Jones, 122 Mo. 125; Crawford v. Ahrnes, 103 Mo. 88; Finch v. Ullman, 105 Mo. 255. (3) Possession of land, claiming only the improvements and not the land itself, is not adverse. Brown v. Simpson, 2 S. W. Rep. 644; Davenport v. Sebring, 52 Ia. 364; Leon & H. Blum Land Co. v. Rogers, 32 S. W. Rep. 713; Hartman v. Huntington, 32 S. W. Rep. 562.

A. H. LIVINGSTON for respondent.

BURGESS, J.—This is ejectment to recover the possession of three quarter-sections of land from defendants, which

is alleged to be wrongfully detained by him. The suit was commenced in July, 1895, the ouster being laid on the 20th day of that month.

The petition is in the usual form.

The answer admits the possession of ten acres of the tracts sued for, but denies the possession by defendant of any other portion of the land, and disclaims all right or title thereto. It then pleads the ten year statute of limitations with respect to that part of which defendant admits possession.

The case was tried by the court a jury being waived. The trial resulted in a judgment for defendant, from which plaintiffs, after unsuccessful motion for new trial, appeal.

The lands described in plaintiffs' petition are part of what is known as Agricultural College Lands, granted to the State of Missouri by act of Congress on July 2, 1862.

They were selected by the State in 1866, from the lands granted, and on the 22d day of September, 1881, they were deeded by the State of Missouri to George H. Nettleton, who afterwards conveyed them to these plaintiffs. They were not subject to entry, preemption or homestead after they were granted to the State on July 2, 1862. Plaintiffs paid all taxes upon the land from 1881, up to the time of the trial.

Defendant testified that he took possession of that part of the land of which he admits the possession on the 17th day of November, 1885, and had been in the continuous possession of it ever since, having bought it from one Forest. This suit was begun in July, 1895, so that defendant's possession by reason of his personal occupation of the land was not for ten years before the commencement of this suit, and therefore no bar to plaintiffs' action even if adverse, and unless the possession of Forest from whom defendant bought was also adverse to plaintiffs, the statute of limitations was no bar to this action, for in order that the possession of land may bar the true owner of his right to its possession when the occupant holds possession without color of title as in the case at bar, his possession

must be open, notorious, continuous and adverse, for the period of ten consecutive years, under claim of ownership. [Bowman v. Lee, 48 Mo. 335; Fugate v. Pierce, 49 Mo. 441; Nelson v. Brodhack, 44 Mo. 596; Wilkerson v. Eilers, 114. Mo. 245.] "The term 'adverse possession' designates a possession in opposition to the true title and real owner, and it implies that it commenced in wrong—by ouster or disseizin— and is maintained against right. The law, on the contrary, presumes that every possession is rightful and consistent with, not in opposition or 'adverse' to, title and ownership. A party, therefore, who relies upon 'adverse possession' in order to rebut this presumption of possession consistent with the title of the real owner, must prove his possession to be 'adverse' to the title set up (Jackson v. Sharp, 9 Johns, 163; Ld. Raym. 329); that is, he must show the actual knowledge of the real owner that he claims in opposition to, and defiance of, his title, or he must show such an occupancy and user, so open and notorious, and inconsistent with, as well as injurious to, the rights of the true owner, that the law will authorize, from such facts, the presumption of such knowledge by the true owner. It is not the mere occupancy or possession which must be known to the true owner, to prejudice his rights; but its 'adverse character.' " [Alexander v. Polk, 39 Miss. loc. cit. 755.]

It must also be under claim of ownership of the land. [Magee v. Magee 37 Miss. 138; Davis v. Bowmar, 55 Miss. 671; Wilkerson v. Eilers, *supra*.] And as the presumption must be indulged that Foster held in subordination to and not adversely to the true owner, it devolved upon defendant to show that his possession was adverse, and under claim of ownership. The possession was, we think, of such extent and character, and so open and notorious and inconsistent with, as well as injurious to the real title, as to raise the presumption of knowledge thereof on the part of the true owners, and the sale of the land and improvements tended to show that the possession was under claim of ownership to the land. But de-

fendant testified that when he bought Foster's claim, "he thought it was government land, and that he intended to make a homestead of it, if it suited him.   That he did not find out that it was not government land for three and maybe four years after he bought it."   Thus showing beyond any and all question that he did not at that time claim the land adversely to the true owner, and, did not do so until after he ascertained that the land was government land, and, not subject to be homesteaded, when he homesteaded another tract.   There was therefore no evidence showing that defendant had been in the adverse, open, notorious and continuous possession of the land under claim of ownership for the period of ten years, before the commencement of this action, which was necessary to bar plaintiffs' action.

For these considerations we reverse the judgment and remand the cause.   GANTT, P. J., concurs; SHERWOOD, J., absent.