## HUNNEWELL et al., Appellants, v. ADAMS.

### Division Two, January 23, 1900.

1. **Ejectment:** ADVERSE POSSESSION: TIME IT BEGAN. One whose possession at its inception was not adverse but consistent with the title of the true owner, must show when he began to hold the land adversely. And unless he does this by some unequivocal conduct or claim, his possession will not be held to be adverse, however long he may occupy the land.

2. ———: ———: UNDER CLAIM OF OWNERSHIP. To constitute title by limitations, the possession must be under claim of ownership, besides being open, notorious, and continuous for ten consecutive years.

3. ———: IMPROVEMENTS. Entry upon land claiming only the improvements and not the land itself does not constitute adverse possession.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *W. J. Orr* for appellants.

(1) Possession to be adverse to the true owner must be under claim of title to the land itself. De Barnardi v. McElroy, 110 Mo. 650; Bradley v. West, 60 Mo. 33; K. C.

Milling Co. v. Riley, 133 Mo. 574; Allen v. Mansfield, 108 Mo. 343; Worcester v. Lord, 56 Mo. 265; Bedell v. Shaw, 59 N. Y. 46.   (2)   Possession to be adverse must be hostile to the title of the true owner in its origin and in its continuance. Crawford v. Ahrnes, 103 Mo. 88; Pharis v. Jones, 122 Mo. 125; Moore v. Harris, 91 Mo. 616; Nave v. Smith, 95 Mo. 596; Burke v. Adams, 80 Mo. 505; Kirke v. Smith, 22 U. S. 241; Bolden v. Sherman, 101 Ill. 483.   (3)   Entry upon land claiming only the improvements and not the land itself does not constitute adverse possession of the land.   Brown v. Simpson, 67 Tex. 225; Davenport v. Sebring, 52 Ia. 364. (4)   Entry upon and possession of land, believing at the time that title thereto is in the State or Federal government, is not adverse to the true owner.   Schleicher v. Gatlin, 20 S. W. Rep. 120; Norton v. Collins, Ib. 1113; Lumber Co. v. Ballard, 23 S. W. Rep. 920; Land Co. v. Rogers, 32 S. W. Rep. 713; Hartman v. Huntington, 32 S. W. Rep. 562; Mhoon v. Cain, 14 S. W. Rep. 24.   (5)   Where possession in its inception is in subordination to the true title, it can not be converted into one of hostility, by the mere intention of the party in possession, not expressed by acts which indicate a change in the character of the holding. Camel v. Gas Co., 84 Mo. 352; Meier v. Meier, 105 Mo. 430; Budd v. Collins, 69 Mo. 129; Gordon v. Eans, 97 Mo. 603; Clarke v. Kirby, 25 S. W. Rep. 1096; Worcester v. Lord, 56 Mo. 265; Haffendorfer v. Gault, 84 Ky. 124; Lamb v. Foss, 21 Me. 240; Rogerscamp v. Converse, 15 Neb. 105; Satterwhite v. Rosser, 61 Tex. 166; Wood v. McGuire, 17 Ga. 303; Tomlinson v. Lynch, 32 Mo. 160.   (6)   Possession taken under a mistake and not with the intention of asserting title to the land at the time is not adverse.   Majors v. Rice, 57 Mo. 384; Hamilton v. West, 63 Mo. 93; Tamm v. Kellogg, 49 Mo. 118; Houx v. Batteen, 68 Mo. 84; Huckshore v. Harting, 81 Mo. 648; Kunze v. Evans, 107 Mo. 487; Crawford v. Ahmes, 103 Mo. 88; Finch v. Ullman, 105 Mo. 255; Battner v. Baker, 108 Mo. 313.

*A. H. Livingston* for respondent.

GANTT, P. J.—This is an action in ejectment commenced in the Oregon County Circuit Court to recover possession of the northwest quarter of the southeast quarter of section twenty-nine, township twenty-two, range two.

The petition is in the usual form.

The answer is as follows: "Defendant for answer to plaintiffs' petition says that he admits that he is in possession of fifteen acres of the tract of land sued for, but denies that he is in possession of any other part or parcel of land and disclaims all rights or title therein; that the said fifteen acres so claimed by the defendant is inclosed, but he can not give a correct description of the same until the same has been surveyed; that the defendant has been for more than ten years next before the institution of this suit in the open, notorious and adverse possession of said fifteen acres, and asks judgment for the same."

Under the issues so joined, the court ordered the county surveyor to make a survey and plat of the fifteen acres claimed by defendant, which was accordingly done, and which plat is shown in the record.

The testimony in brief was that the lands in controversy are a portion of the agricultural college lands granted to the State of Missouri by Act of Congress of July 2, 1862. They were duly selected by the State in 1866, and on the twenty-second day of September, 1881, were deeded by the State to George H. Nettleton, who afterwards conveyed them to plaintiffs.

These lands were not subject to entry, preemption, or homestead after they were granted to the State.

Plaintiffs paid all the taxes up to time of trial and defendant never paid any portion of the taxes at any time.

Defendant's claim can best be stated in his own words. He says that in 1881 he came to Oregon county, and found one

Lige Holt, since deceased, in possession of the ten acres in dispute. "He said I could homestead it; I bought his improvements and claim to the place and was going to homestead it in September. When I came here (that is to say the county seat) they said I couldn't homestead it. I said 'what is a man to do.' The clerk said 'you have got a better right to it than any other man, go back and live on it and work on it; that is all the advice I can give you.' And I did it and am there till now."

The plaintiffs asked and the court over their objection refused this instruction: "The court declares that the plaintiffs are entitled to recover unless the court finds that the defendant and those under whom he claims have been in the open, notorious and adverse possession of said lands, claiming to be the owner thereof, for ten years before the institution of this suit. And if the defendant purchased the improvements on said land, believing at the time that the same was government land and subject to homestead entry and intending to homestead or enter the same, then his holding under such belief and with such intention was not adverse to these plaintiffs, and the findings will be for the plaintiffs unless the court finds that after the defendant discovered that said lands could not be entered or homesteaded, he claimed and held possession of said lands for ten years before the institution of this suit."

The court thereupon gave judgment for defendant for 10.46 acres of said land.

I. There is no evidence in this record when the defendant's possession first became adverse to plaintiffs and their grantors.

We think it is undeniable that out of his own mouth he has shown his possession was not adverse in its inception, for he tells us that his grantor Lige Holt only sold him his improvements and said that the defendant could homestead the land and at some time after that, when he does not specify, he

came to the county seat to homestead the land. Unquestionably he did not claim adversely to the government in whom he supposed the title was then vested. His possession then in its origin was in accord with or in subservience to the true title. At that time clearly his holding was not adverse. When then did he begin if ever to hold adversely? When he ascertained he could acquire it under the Homestead Laws? If so the burden was upon him to fix the time, which he has not done. He did not state at what date he came to see about homesteading the land.

Moreover there is nothing in the evidence which indicates a different character of holding after he ascertained he could acquire a homestead from the possession which he held when he asserted no claim to the land itself.

While it may not be required that he should make his claim in any particular manner or by any special formula, still when the possession in its inception is not adverse but consistent with title of the true owner, there ought to be some unequivocal conduct or claim to indicate the change in the character of the possession and in this case we discern none whatever.

The court erred in refusing plaintiffs' instruction. This court in De Bernardi v. McElroy, 110 Mo. loc. cit. 659, said "there must be an intent to claim the land, to put the statute of limitations in operation, and the claim to be of any avail must be to the entire title, not simply to a part of it."

And in Hunnewell v. Burchett, 152 Mo. 611, at this term we held that the possession must not only be open, notorious, and continuous for ten consecutive years, but it must be under claim of ownership. [Bowman v. Lee, 48 Mo. 335; Wilkerson v. Eilers, 114 Mo. 245.]

Had the learned circuit court given this instruction it seems to us the proof was overwhelming that there was no claim of ownership.

For the error in refusing the instruction prayed by plain-

tiffs and in holding there was proof of ten years' adverse possession by defendant, the judgment is reversed and the cause remanded. *Sherwood* and *Burgess, JJ.,* concur.