## DELILA B. CHAPMAN et al. v. GEORGE F. KULL-MAN et al., Appellants.

### Division Two, November 21, 1905.

1. **PARTITION: Deceased Coparcener: Administration.** Where there is no evidence of any debts against a coparcener who has not been heard from for sixteen years and whose whereabouts are unknown, a partition of the estate as to her share, in a suit brought by her heirs, cannot be delayed until an administration is had upon her estate. Section 4384, R. S. 1899, does not apply in such case. That statute cannot be invoked to defeat partition unless it affirmatively appears that there are outstanding debts against the estate of such presumedly deceased coparcener.

2. ————: **Absent Coparcener: Presumption of Death: Residence.** Where a coparcener prior to 1883 resided with her relatives in this State and that year went to Texas and in 1884 wrote to them that yellow fever was prevailing there and that she intended to return home, and since that time nothing has been heard from her by any of her family, although frequent letters had been written to her, and there being no unfriendliness or estrangement existing between her and them, she must be presumed at the end of seven years after she was last heard from to be dead, whether she be regarded as a resident of this State when she left her father's domicile and went to Texas, or whether it be assumed that she there acquired a domicile and took up her residence there.

3. ————: ————: ————: **Guardian's Deed: Interest Conveyed: Outstanding Title.** A deed by a guardian conveying the interest of minor brothers or sisters of a coparcener who' had not at the time of the trial in partition been heard from for seven years, did not convey the interest of such absent coparcener, who at the time the deed was made had not been absent for seven years.

4. ————: **Outstanding Title.** A claim that there was an outstanding title sufficient to defeat plaintiff's partition must, in order to be available as a defense, be pleaded.

5. ———: **By Co-tenant Out of Possession.** The possession of one cotenant is the possession of all others until facts amounting to an actual ouster are shown, and such actual ouster must be shown by some unequivocal act asserting an exclusive ownership of which the cotenants out of possession must have actual or constructive notice. Unless such actual ouster is shown, the cotenant out of possession is not barred from maintaining partition.

6. ———: ———: **Notice: Recorded Deeds.** Recorded deeds showing that defendant had bought the interests of five heirs in the land, gave no constructive notice that he also claimed the interest of the remaining heir.

7. ———: **Pleading: Interest of Defendant: Waiver.** By going to trial without a motion to make more definite, defendant waived the objection that the petition, which specifically alleged that he was the owner of an undivided five-sixths interest in the land, did not set out the facts from which he derived title.

Appeal from Benton Circuit Court.—*Hon. W. W. Graves*, Judge.

AFFIRMED.

*D. Brunjes* and *Barnett & Barnett* for appellants.

(1) There has been no proof of any administration upon the estate of Amanda Brown and John W. Brown, neither has there been any proof that, in the absence of an administration, they left personal property sufficient to pay their debts. The action of partition cannot be maintained before administration of the decedent's estate or proof that there is sufficient personal property or other real estate not already partitioned to pay the debts. R. S. 1899, sec. 4384; Mills v. Mills, 141 Mo. 195; Tuppery v. Hertung, 46 Mo. 135. (2) There is no statutory presumption that Amanda Brown is dead. That presumption prevails where a party has gone from the State with the expectation or intent of returning, and the failure to return as intended for the period of seven years creates a presumption of death, but in this case she removed to the State of Texas

to live, and no presumption of death arises from her failure to return. R. S. 1899, sec. 265. It is the absence of a resident of the State for seven years which raises the presumption of death. Keller v. Stuck, 4 Bedf. 294; Francis v. Francis, 180 Pa. St. 644; Wheelock v. Overshiner, 110 Mo. 100; 22 Am. and Eng. Ency. Law (2 Ed.), 1248. Here the only evidence of death is that Amanda Brown was about to return to Missouri from Texas, but that she was surrounded with yellow fever and people were dying from it like hogs. Her people, although they attempted to hear further from her, never succeeded in hearing from her again or of ever getting any response to their letters. If Amanda Brown is proven to be dead, the proof is that she died in 1884 and the descent of her estate was cast at that time—at the time the guardian's deed was made for two of her brothers, who would be her heirs in case she died without issue, and the guardian conveyed to Brunkhorst not only what interest these minors had as heirs of John M. Brown, deceased, but also the interest that they acquired in Amanda Brown's estate. This being true, there is an outstanding interest in Brunkhorst, and for that reason this suit in partition cannot be maintained. A judgment in partition cannot be rendered where it appears that parties who are not before the court have an existing vested interest in the land which is the subject-matter of the suit. Hills v. Rule, 121 Mo. 248; Estes v. Nell, 108 Mo. 172; Dameron v. Jamison, 71 Mo. 97. If the evidence does not show that Amanda Brown died in 1884, then there is no competent evidence that she is dead at all, and in that event she would be a necessary party to this suit. (3) The undisputed evidence is that the defendant, at and for a long time prior to the institution of this suit, was in adverse possession of the real estate sought to be partitioned, that his possession was open and notorious, and his claim was hostile to the plaintiffs or any one else. He never in any way recognized their interest, but as-

serted his right to hold the premises, and under such circumstances the action of partition will not lie. The claimants must first establish their title in an action of ejectment where one is in possession of land asserting an exclusive title thereto. An action of partition cannot be maintained against him by one out of possession, who claims a common title thereto. Lambert v. Blumenthal, 26 Mo. 477; Estes v. Nell, 140 Mo. 639; Houston v. Houston, 139 Mo. 229; Forder v. Davis, 38 Mo. 107; Gott v. Powell, 41 Mo. 416; Shaw v. Gregoire, 41 Mo. 407; Haeussler v. Mo. Iron Co., 110 Mo. 188; Rozier v. Johnson, 35 Mo. 326. (4) Even were this a suit in ejectment, the plaintiff could not recover because the evidence shows that the defendant has a good title by limitation to the entire interest in this land. Warfield v. Lindell, 30 Mo. 272, 38 Mo. 561; Hoffstetter v. Blattner, 8 Mo. 276; Laseyre v. Paul, 47 Mo. 586; Peck v. Luckbridge, 97 Mo. 549; Rozier v. Johnson, 35 Mo. 326; Dunlap v. Griffith, 146 Mo. 283.

*N. K. Chapman* and *Lay & Lay* for respondents.

(1) Having failed to raise the question in the trial court in his motion for a new trial or otherwise, appellant cannot now for the first time insist that partition should not have been adjudged until administration was had upon the estates of Amanda and John W. Brown; but even if that question could be now considered, it is evident that there was sufficient evidence before the court to justify a finding that all debts had been paid, which of course is equivalent to a finding that there was sufficient personal property to pay the debts. The mere lapse of time without any step being taken to subject this land to the payment of debts, would be sufficient upon which to base such a finding. No case can be found where partition was refused on this ground unless it affirmatively appeared that there were outstanding debts. And the time allowed by law for the settlement

of decedent's estate having elapsed, it will be presumed, nothing appearing to the contrary, that such estate has been settled.  Minear v. Hogg, 94 Iowa 641.  (2) Amanda Brown not having been heard from for seven years by those who, if she had been alive, would naturally have heard from her, is presumed to be dead.  Flood v. Growney, 126 Mo. 262; Wheelock v. Overshiner, 110 Mo. 100; 1 Am. and Eng. Ency. Law (1 Ed.), 38.  And neither section 265, Revised Statutes 1899, cited by appellant, but which does not apply to this case, nor section 3144, Revised Statutes 1899, changes the common-law rule as to presumption of death.  Flood v. Growney, 126 Mo. 262; Winter v. Supreme Lodge, 96 Mo. App. 16; Wheelock v. Overshiner, 110 Mo. 113; Burr v. Sim, 4 Whart. 150; Lawson on Presump. Ev. (2 Ed.), 251. (3) It was not necessary for plaintiffs to recover possession of their one-sixth interest in the land by an ejectment suit before instituting this action.  To make such a course necessary there must have been an actual ouster and denial of plaintiff's rights, as well as mere possession, since the possession of one tenant in common is presumed to be in behalf of all until facts amounting to an actual ouster are shown, and this can only be shown by proof of some notorious and unequivocal act asserting an entire ownership, and of which plaintiff must have actual or constructive notice.  Colvin v. Hauenstein, 110 Mo. 575; Hutson v. Hutson, 139 Mo. 229; Rozier v. Griffith, 31 Mo. 171; Womack v. Whitmore, 58 Mo. 457; Shaw v. Gregoire, 41 Mo. 410. The question as to whether defendant was in adverse possession of the land was submitted to the court prior to the trial on the merits, and the finding was for the plaintiffs, and no exception having been saved to the ruling of the court, the question cannot be now reviewed.  (4)  Defendant not only was not in the adverse possession of the land at the beginning of the action, but there has at no time been such adverse possession

of the land for any period of ten years, as would bar plaintiff's action. The evidence is conclusive that defendant, and those under whom he claimed, held this land by deeds which only purported to convey a five-sixths interest therein; and that this was the only interest claimed is shown by these deeds, by the will of Fred Kullman, and by the mortgages placed upon the land. And said will and four of said deeds were executed and recorded within less than ten years prior to the institution of this action. Under such facts plaintiff's title is not affected by the statute of limitation. Warfield v. Lindell, 30 Mo. 272, 38 Mo. 561; Benoist v. Rothchild, 145 Mo. 399; Campbell v. Laclede Gas Co., 84 Mo. 352.

GANTT, J.—This is an appeal from a decree of partition by the circuit court of Benton county, Missouri. The land is the southwest quarter of the southeast quarter, and the southeast quarter of the southwest quarter, of section fifteen, and the northwest quarter of the northeast quarter of section twenty-two, all in township forty-one of range twenty-one, containing 120 acres, more or less. The suit was brought to the August term, 1900, of the circuit court of Benton county, and trial was had and the judgment rendered in favor of plaintiffs at the December term, 1900.

It is admitted on all sides that John M. Brown is the common source of title from whom both plaintiffs and defendants claim. The testimony discloses that the said John M. Brown died in the year 1883, seized in fee of the above land, and leaving as his only heirs at law his six children, four of whom, and the widow, and the heirs at law of the fifth son, are plaintiffs herein, the sixth child being Amanda Brown. In the years 1885 and 1886, by proper deeds of conveyance from all of said children except Amanda Brown, one Christ Brunkhorst acquired their five-sixths interest in said land, which said five-sixths interest has by deeds of

conveyance been conveyed to the defendant George F.
Kullman, who has incumbered the same with a deed of
trust to the other defendants. The deeds under which
defendant Kullman claims only purport to convey a
five-sixths interest in said land, but the said defendant
asserts title to the remaining one-sixth interest which
is claimed by the plaintiffs by virtue of ten years' ad-
verse possession. The one-sixth interest inherited by
Amanda Brown is the bone of contention in this case.

The evidence tends to show that Amanda Brown
resided at the home of her father, John M. Brown, or
worked out at various places in this State until about
the year 1883, when she went to Texas; that the family
heard from her at various times until sometime in the
year 1884, when they received a letter from her at San
Antonio, Texas, in which she stated that yellow fever
was raging there and people were dying like hogs, and
that she was coming home in a short time. From that
time until the commencement of this action nothing
has been heard from or about Amanda Brown, though
the family wrote various letters to her, receiving no re-
ply. At the time Amanda Brown left Missouri for
Texas, she was a single woman and had no children,
and there is no evidence showing that she owed any
debts. The plaintiffs insist that the absence of
Amanda Brown under such circumstances for sixteen
years raises a presumption of her death, and that as
her only heirs they are now entitled to her one-sixth
interest in said land.

The defendant's claim to one-sixth interest is under
the ten-year Statute of Limitation, which he pleads. On
this question the testimony in his behalf is undisputed
that he and those under whom he claims have been in
actual possession of said land during all of such period,
and have cultivated the same and made some improve-
ments thereon. But the plaintiffs insist there is no evi-
dence of an ouster of Amanda Brown or those claiming
under her, or that her title was ever disputed until the

institution of this suit, and point to the fact that all the deeds under which defendants claim title, the last being dated in 1896, four years before the beginning of this suit, only convey five-sixths interest in said land, and that all the facts relating to the possession by the defendant and those under whom he claims show that there was nothing to indicate that it was adverse to the plaintiffs, but only such a possession as any tenant in common may have. In the circuit court the defendant interposed a plea in bar on the ground that at the commencement of the suit he was in possession of the land adversely to plaintiffs, and a separate trial was had on this question resulting adversely to the defendant, to which he took no exceptions.

I. For the first time in this litigation and without having raised it by plea, motion for new trial or otherwise, in the circuit court, defendant claims that the partition should not have been decreed until administration had been had upon the estate of Amanda and John W. Brown, and cites us to section 4384, Revised Statutes 1899, which provides that where lands sought to be divided in partition "shall have descended to any of the parties in interest, and the court shall not be satisfied either that the estate from which the same has descended has been finally settled, and all claims against the same fully discharged, or that the personal property, or other real property not already partitioned, belonging to such estate, is more than sufficient to pay all claims and demands against the same, the order of distribution shall not apply to nor take effect upon any of the lands allotted or adjudged to the parties whose interest shall have so descended, until such estate shall have been finally settled and all claims against the same discharged," and also Mills v. Mills, 140 Mo. 195, in which it clearly appeared that Mrs. Mills had a fee simple title in the homestead of her husband and also that she was indebted, and that there was not sufficient personal property or other real estate to satisfy the same. Of the

correctness of that opinion there can be no doubt whatever. It is obvious, however, that the facts upon which this point rests in this case are radically different from those in that case. In this case there was absolutely no evidence of any indebtedness against the estate of Amanda Brown, or John W. Brown. If 1884 is to be taken as the date of her death, sixteen years had elapsed. When it is considered that no creditor had ever sought to have an administration upon the estate of Amanda Brown, and there was a total absence of any effort to show that she was indebted at the time of her death, we think that the circuit court would have been fully justified in finding either that there were no debts, or that they had been fully satisfied, and it follows that the objection now raised for the first time is not well taken. We have not been able to find any case where partition has been refused unless it affirmatively appeared that there were outstanding debts. In Minear v. Hogg, 94 Iowa 641, a petition for partition showed that more than four years had elapsed since the testator's death, but failed to allege that the estate had been finally settled and it was held not demurrable, the court holding that it must be presumed, nothing appearing to the contrary, that the estate had been settled, and that it devolved upon the defense to show that there was not enough personal property to pay debts.

II. It is urged, however, by the defendant, that there is no statutory presumption that Amanda Brown is dead, that this presumption under our statute applies only where one who has been or now is a resident of this State has heretofore gone from and has not returned to this State, but that in this case Amanda Brown moved to Texas to live and no presumption of death arises from her failure to return. Whereas, the plaintiffs insist that our statute above referred to does not change the common-law rule as to presumption of death. Both sides rely upon Wheelock v. Overshiner, 110 Mo. 113, in which this court simply applied the statutory pre-

sumption as to one who was a resident, or had been such, of this State. In Flood v. Growney, 126 Mo. l. c. 264, Burgess, J., speaking for the court, quoted with approval the rule laid down in 1 Am. and Eng. Ency. of Law, page 38, that, "The rule now is general that a person shown not to have been heard of for seven years by those (if any), who, if he had been living, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death." Now, in this case it definitely appears that Amanda Brown went to Texas about the year 1883, and that prior to that year she resided with her relatives in Benton county. In 1884 she advised them that the yellow fever was raging in San Antonio, where she was living, and that she intended to return to Missouri. No unfriendliness or estrangement from any of her relatives appears in the evidence, and it appears that after receiving her letter in regard to the fever, the family wrote her various letters to which they received no reply. We think it is clear that, whether we regard Amanda Brown as a resident of this State when she left her father's home in 1883 and went to Texas, or whether we assume that she went there to acquire a domicile and take up her residence there, in either case, the fact being that she has not been heard from by any of her family, and that there are no other circumstances in evidence which reasonably account for her not having been heard from, she must be presumed to have been dead at the end of seven years from the time she was last heard from in 1884, and therefore, her share in the estate sought to be partitioned could be legitimately divided. But there is no presumption that she died at any particular time within the seven years. [22 Am. and Eng. Ency. Law (2 Ed.), 1249.]

The inference sought to be drawn by the defendant that Amanda Brown died in 1884, and therefore the guardian's deed conveyed the interest of two of her

minor brothers in their father's estate would be suffi-
cient also to carry their interest in her estate, is not well
taken. Moreover, there was no plea of any outstanding
title in Christ Brunkhorst, and the deed shows that de-
fendant and those under whom he claims never asserted
any such claim, and the court properly so held.

III.    The only evidence tending to prove that
Amanda Brown was ever married, and that, therefore,
she had issue surviving her, was the purely hearsay tes-
timony of witness Nave. We have read all of that evi-
dence, and fully agree with the circuit judge that it
was entirely insufficient to justify him in finding that
she was ever married.

IV.    Having disposed of these questions, we are
brought now to the consideration of the adverse pos-
session by the defendant, and his claim that an action of
partition cannot be maintained against him by one out
of possession. On this question the rule is well settled
in this State that the possession of one joint tenant is
the possession of all other joint tenants until facts
amounting to an actual ouster are shown, and this must
be done by some unequivocal act asserting an exclusive
ownership, of which the cotenants who are not in actual
possession must have actual or constructive notice.
[Colvin v. Hauenstein, 110 Mo. 575; Hutson v. Hutson,
139 Mo. 229; Rozier v. Griffith, 31 Mo. 171.]

We think the evidence amply justified the circuit
court in finding that there had been no disseizin of the
plaintiffs. All the deeds under which defendant claims
purported to convey simply five-sixths interest in the
land in controversy, and one of those deeds was exe-
cuted and recorded subsequent to the time when most
of the improvements were made upon which defendant
relies to show exclusive possession. The record of these
in the county certainly give no notice to anyone that the
defendant claimed more than five-sixths of this land, or
that he asserted in any way any title to the share of

Amanda Brown. Prima facie the defendant was simply claiming and asserting title in subordination to his recorded deeds and his possession under those circumstances was in no sense an unequivocal and notorious claim of the entire title to the tract of land, and was not such as to give the plaintiffs either actual or constructive notice of any disseizin by him.

The circuit court found that there was no adverse possession of the land, and we think his finding on that question was correct. [Campbell v. Laclede Gas Co., 84 Mo. 352, 374.]

V. The point is now made that the petition did not set out facts from which the defendant derived his title. It did allege specifically that he was the owner of the undivided five-sixths interest in the land. Even if a motion to make more definite would have been sustained, by going to trial the defendant waived this objection. [Reilly v. Cullen, 159 Mo. 322.] We have carefully examined all the assignments of error in this case, and are unable to find any reversible error in the record; accordingly the judgment of the circuit court of Benton county must be and is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.