## SHAFTER *et als. v.* RICHARDS *et als.*

In an action for mesne profits, plaintiff offered in evidence the record of an action by defendant against a third person, for the use and occupation of the same premises for a time, prior to the time sued for in this action, in which defendant, under oath, fixed the value at a certain sum, together with evidence, that the value of the use and occupation was as great in the one case as the other. *Held,* that the evidence was admissible as a solemn admission by a party to the record, in relation to a particular fact; that such admissions are not irrelevant, whether made directly or incidentally.

APPEAL from the Seventh District.

The plaintiff had judgment, but appeals.

*Heydenfeldt,* for Appellant, cited: 1 Greenl. Ev. Sec. 527.

COPE, J. delivered the opinion of the Court—BALDWIN J. concurring.

This is an action in the nature of an action of trespass for mesne profits at common law. On the trial of the cause, the plaintiffs offered in evidence the record in another action, in which the defendant, Richards, sued one McCorkle for the use and occupation of the same land and premises, from the 13th day of July, 1855, until the 14th day of June, 1856, and claimed that the value of such use and occupation was one thousand dollars per month. At the time of commencing his action, Richards made and filed an affidavit for an attachment, in which he swore to the justice of his demand against McCorkle,

as stated in his complaint. The cause of action in this case extends no further back than the 29th day of April, 1857; but the plaintiffs, in connection with the proposed evidence, offered to prove that the value of the use and occupation of the premises, for the time embraced in this suit, was at least as great as the value during the period mentioned in the complaint of Richards. The Court refused to admit the evidence on the ground that it was irrelevant and incompetent. The Appellants contend that this evidence was admissible for the purpose of proving a *solemn admission* by a party to the record in relation to a particular fact, which fact was the principal question in dispute. The general rule is stated by Greenleaf as follows: "A record may also be admitted in evidence in favor of a stranger, against one of the parties, as containing a *solemn admission,* or judicial declaration by such party, in regard to a certain fact." (1 Greenl. Ev. Sec. 527.) There can be no doubt that this evidence was, as against Richards, both competent and relevant. Every voluntary admission of a material fact by a party to the record, is competent evidence against such party of the existence of that fact. And in regard to the admissibility of the evidence, there is no difference between *direct admissions* and those which are *incidental,* or made in some other connection, or involved in the admission of some other fact. (1 Greenl. Ev. Sec. 174.) The purpose for which the evidence was offered in this case, was to prove the value of the use and occupation of the premises in question. This value during the period mentioned in the complaint, was the disputed fact, and the defendant had admitted that during a former period the value was one thousand dollars per month. This admission, taken in connection with the evidence showing that the use and occupation of the premises had not diminished in value, was clearly admissible as against Richards. It may not have been competent as against the other defendants, but it was nevertheless admissible, subject to the instructions of the Court as to its effect upon them.

Judgment reversed and cause remanded.