## GALE *et al.*, v. SHILLOCK *et al.*

1. OBJECTION TO EVIDENCE—NOT MADE ON TRIAL—WHEN NOT CONSIDERED HERE.

    An objection to evidence, which if properly made on the trial could have been obviated, will not be heard on appeal. Hence, where an instrument, duly executed and acknowledged so as to entitle it to record; is offered in evidence, and it appears from the record of such instrument that the register of deeds has failed to indicate the notarial seal to the acknowledgment on the record, and no specific objection was made on that ground on the trial, the appellate court will not now consider such objection.

2. EVIDENCE—TRIAL ON AMENDED ANSWER—ADMISSION OF FACT IN ORIGINAL ANSWER—COMPETENT EVIDENCE.

    When a trial is had upon issues raised by a supplemental and amended answer, an admission of the execution of instruments offered in evidence, made in the original answer, is competent evidence to prove such fact.

3. SAME—MADE IN SEPARATE DEFENSE IN ANSWER.

    And such admission is competent evidence, though made in a separate defense in the answer, the answer containing general denials putting in issue all the allegations of the complaint.

4. EVIDENCE—*ACKNOWLEDGED INSTRUMENT*—PRIOR TO CODES OF 1877—RECEIVABLE IN EVIDENCE—WITHOUT RECORDING—QUERY.

    Whether an instrument duly executed and acknowledged under laws existing prior to Code of 1877, may not be received in evidence without first having been recorded. Query?

5.  EVIDENCE—OBJECTION TO, WAIVED BY EVIDENCE OFFERED BY PARTY
    OBJECTING.
        Where a party makes a valid objection to the introduction of evi-
    dence, and afterwards himself puts in evidence proving the same facts,
    such objection is waived.

6.  POSSESSION—EXTENT OF—UNDER COLOR OF TITLE.
        When one enters upon the possession of real estate under color of
    title by deed, his possession is deemed to extend to the bounds de-
    scribed in the deed, although his actual improvements are on a smalt
    parcel only of the tract.

7.  SAME—SUCH POSSESSION NOTICE TO PURCHASERS.
        The possession of any part of such tract is sufficient to put a pur-
    chaser on inquiry to ascertain the full extent of the rights of one so in
    possession.

Filed October 6, 1886.

Appeal from the district court of Minnehaha county.

The facts are fully stated in the opinion.

*Boyce, Noyes & Boyce*, for defendant appellant, Byron M. Smith.

In the ninth paragraph of the answer the defendant sets up a separate and independent defense to the plaintiff's cause of action and there we must look for the admissions if there are any, of the execution of these instruments.

1.  But this defense is distinct from and independent of all others in the action and is entire in itself, and any admission of the execution of the power of attorney or of the deed which might find its way into this defense would not obviate the necessity of proving execution in support of the averments of the complaint which were put in issue by the denials in another defense.   Miller v. Chandler, 59 Cal. 540, and cases cited; Nudd v. Thompson, 34 Cal. 39; Troy and Rut R. R. v. Kerr, 17 Barb. 581; Swift v. Kingsley, 24 Barb. 541; Pomeroy's Remedies and Remedial Rights, Sec. 724, and cases cited.

2.  The averments of this separate defense are not admissions of anything stated in the complaint, but are averments of new matter.   If treated as admissions at all they are to be taken as an entirety.   Ins. Co. v. Higginbotham, 95 U. S. 330; Goodyear v. De La Vergne, 10 Hun. 537; Albro v. Figuera, 60 N. Y. 630; Craig v. Tappin, 2 Sandf. Ch. 78.

The admissions of a party are not competent evidence of the execution of a specialty. Testimony of subscribing witness or deed itself, duly acknowledged and recorded is best evidence.   Jenner v. Joliffe, 6 John 9; Hasbrouck v. Baker, 10 John, 248; Scott v. Clare, 3 Camp. 236; 1 Greenleaf's Ev. (13th Ed.) § 86.

The original answer was superceded for all purposes by the amended answer.   The allowance of the amendment destroyed the force of admissions in the original answer.   Barber v. Reynolds, 44 Cal. 497;   Gilman v. Cosgrove, 22 Cal. 357; Sands v. Calkins, 30 How. 1.

This is not a substitute for proof.   It is, at most, an admission out of court, subject to explanation and contradiction. Beyond all question such an admission cannot prove the execution and due recording of specialties.   1 Greenleaf on Evidence, §§ 86, 96; Fox v. Riel, 3 John, 447; Welland Canal Co. v. Hathaway, 8 Wend. 480; Jenner v. Joliffe, 6 John, 9; Hasbrouck v. Baker, 10 John, 248; Scott v. Clare, 3 Camp. 236.

A deed or instrument not acknowledged and certified as required by law is not entitled to record and if recorded its record is not notice to subsequent purchasers.

Wade on Notice, Secs. 124, 125 and 126;  Pringle v. Dunn, 37 Wis. 449; Girardin v. Lampe, 16 N. W. Rep. (Wis.) 614; Buell v. Irwin, 24 Mich. 145, 152, 153; Meskimen v. Day, 10 Pac. Rep. (Kan.) 14; Taylor v. Harrison, 47 Texas, 454, 26 Am. Rep. 304; Kelsey v. Dunlap, 7 Cal. 160; Hastings v. Vaughn, 5 Cal. 315; Fogarty v. Finlay, 10 Cal. 239; Wood v. Cochrane, 39 Vt. 546; Potter v. Dooley, 55 Vt. 516; Musgrove v. Bonser, 5 Oregon, 313, 20 Am. Rep. 737; Fleschner v. Sumpter, 6 Pac. Rep. (Oregon) 506; Gillig v. Maass, 28 N. Y. 191; Bishop v. Schneider, 46 Mo. 472, 2 Am. Rep. 533; Blood v. Blood, 23 Pick. 80; Barnard v. Campau, 29 Mich. 162.

And if a deed be properly executed but defectively recorded, as to subsequent purchasers, the defective record is not notice and cannot be aided by the production of the original instrument.   Girardin v. Lampe, 16 N. W. Rep. (Wis.) 614; Taylor v. Harrison, 47 Tex. 454, 26 Am. Rep. 304; Wood v.

Cochrane, 39 Vt. 546; Potter v. Dooley, 55 Vt. 516; Sanger v. Craigue, 10 Vt. 555; Beekman v. Frost, 1 John Chan. Rep. 288, 18 John, 544; Pringle v. Dunn, 37 Wis. 449; Sawyer v. Adams, 8 Vt. 172, 30 Am. Dec. 459; Chamberlain v. Bell, 7 Cal. 294; Terrell v. Andrew Co. 44 Mo. 309; Parrett v. Shawbhut, 5 Minn. 323; Barnard v. Campau, 29 Mich. 162, 164.

The party holding unrecorded deed and seeking to establish priority over a subsequent recorded deed has the burden of proof to show notice to the subsequent holder. Gress v. Evans, 1 Dak. 387, 399; Brown v. Volkening, 64 N. Y. 76; Jackson v. Reid, 1 Pac. Rep. (Kansas,) 308; Ryder v. Rush, 102 Ill. 338; McCormick v. Leonard, 38 Iowa, 272; Oliver v. Sanborn, 27 N. W. Rep. (Mich.) 527, 528; Sanger v. Craigue, 10 Vt. 555; Smith v. Yule, 31 Cal. 180; 2 Pom. Eq. Jur. pp. 219, 242 and 243; Abbott's Trial Ev. pp. 716, 717.

Gale's possession of a part of the property as indicated by the evidence, actual knowledge of which was not brought home to Hodgdon, was not of a character to give the latter constructive notice of Gale's title. See 2 Pom. Eq. Jur. Secs. 620 and 615, and cases cited in the notes thereto.

This occupancy and possession must have been unequivocal. McMeachan v. Griffing, 3 Pick. 150; Brown v. Volkening, 64 N. Y. 76; Page v. Waring, 76 N. Y. 470; Thompson v. Burhans, 79 N. Y. 93.

*Melvin Grigsby*, for respondent.

They here urge that the official seals of the notaries who took the acknowledgments do not appear of record.

Had this special objection been made at the trial it could have been obviated at once by filing the instruments and bringing them back in the hands of the recorder.

An objection which if properly made on the trial could have been obviated will not be heard on appeal. Merritt v. Seamen, 6 N. Y. 168; Levin v. Russell, 42 N. Y. 255; Sec. 651 Rev. Code; McNulty v. Batty, 2 P. Wis. 59.

Byron M. Smith, in his original answer, admitted both the execution and the recording of these instruments. His original answer was admitted in evidence. This was not error. Green-

leaf on Evidence, Vol. I, Sec. 171; Cook v. Barr, 44 N. Y. 156; Power v. Gum, 9 Pac. Rep. 575; Shafter v. Richards, 14 Cal. 125; Mutual Ins. Co. v. Newton, 22 Wall. 32.

Even if it was error to receive these instruments in evidence, it was cured by defendant's evidence, showing their execution and record. Hinds, Lessee, v. Longworth, 11 Wheat. 199; Bronson v. Wiman, 10 Barb. 422; Hayden v. Palmer, 2 Hill, 206; Murray v. Judah, 6 Cow. 489; 3 Wait's Pr. 206, 207.

Possession of part of a tract of land is possession of the whole, where a party claims under title. And "an entry under a deed gives possession of all vacant land described in the deed." · Ellicott v. Pearl, 10 Peters, 412; Lessee of Ewing v. Burnett, 11 Peters, 41; Washburne on Real Property.

The possession of any part of the land was notice to Smith sufficient to put him on his inquiry and he was bound to use due diligence in efforts to ascertain the full extent of Gale's claim. 3 Washburne, 3d Ed. 283—284; 15 N. Y. 354; 26 N. Y. 24; 50 N. Y. 345; 90 N. Y. 473; Landes v. Brandt, 10 How. U. S. 348; Fair v. Stevenot, 29 Cal. 486; Lestrade v. Barth, 19 Cal. 676; Landers v. Bolton, 26 Cal. 394.

PALMER, J.   This was an action brought by Artemas Gale to remove cloud from his title to 160 acres of land lying within the limits of the city of Sioux Falls, in Minnehaha county. Plaintiff claimed title under patent to Margaret Frazier; warranty deed from her to Louiza E. Gale, wife of plaintiff; and by will from his said wife to himself. He alleged possession by himself and wife from the 15th day of June, 1871, until the death of his wife in June, 1880, and possession by himself from that time until commencement of action; that defendants, and each of them, unjustly claimed to have title in fee to said premises, and prayed for judgment that they, and each of them, be forever barred, etc.

Byron M. Smith, the only defendant who answered, admitted patent to Margaret Frazier, as alleged in the complaint; admitted possion by plaintiff and wife of a strip about 24 rods in width, along the north boundary of said land, from the year 1876 until the present time; denied each and every other alle-

gation in said complaint; alleged title in himself through deed from Margaret Frazier to Oscar Hodgdon, and from Hodgdon to himself; and, as a further defense, alleged that one William H. Grant procured from said Margaret Frazier a certain power of attorney to be used in transferring land thereafter to be located by scrip issued to said Margaret Frazier; that said power of attorney was not intended to be used in conveying the land in question, and that said Gale and his wife, well knowing these facts, procured said Grant to make a deed, under and by virtue of said power of attorney, to Louisa E. Gale, of the lands in question; stated the book and page of the county records where said power of attorney and deed were recorded; and averred that these instruments, and no other, were the title papers under plaintiff in his complaint claimed title from Margaret Frazier to Louiza E. Gale; and defendant prayed for judgment that he be declared the owner in fee of the whole of said tract of land, and entitled to the immediate possession of the same, and for his costs, and such other equitable relief as he may appear entitled to.

Gale replied, and admitted that the power of attorney to William H. Grant, and the deed from Grant, as attorney for Margaret Frazier, to Louiza E. Gale, were the instruments which he referred to in his complaint, and those under which he claimed; but denied all other allegations of the answer except such as were in harmony with those of the complaint.

On the issues as thus joined the action came on for trial before the court. At the trial, Margaret Frazier asked leave to file a complaint in intervention; but as all her rights have been considered and decided by the court in the separate opinion filed in this case on the appeal of Margaret Frazier, as intervenor, a further consideration of them becomes unnecessary.

Defendant's counsel also moved that the court bring in Margaret Frazier as a necessary party to a complete determination of the controversy, offering, for her, to go to trial at once. This motion was overruled, exception being taken, and error assigned. This motion to make Margaret Frazier a party was not based upon any statement or affidavit, and no notice of

the motion was served upon the opposite party, and in this respect was not in conformity with the rules of the court, nor with the usual practice.   It was determined in her separate appeal that she had no right to intervene.   She was not a necessary party.   If the issue of fraud had been found in favor of defendant, Gale had no title, and the controversy would have been at an end, as far as Gale and Smith are concerned.   If found against defendant, then he can only recover by virtue of the recording acts.   In either event the addition of Margaret Frazier as a party could have no effect on the result.

On the trial plaintiff offered in evidence the power of attorney and the deed referred to in the pleadings.   Defendant objected to their introduction without proof of their execution, on the ground that they had not been duly acknowledged and recorded, according to the statute.   The court admitted both instruments, and the correctness of this ruling presents the most important of appellant's assignments of error.

These instruments, as presented to the court, were both properly acknowledged before a notary public of Minnesota. Each bore upon the back the certificate of the former register of deeds of Minnehaha county, stating the time of filing and place of record in the usual form.   The only ground for the objection that was or could have been discovered, from an inspection of the instruments, was that the certificate of acknowledgment of the notary, made out of the territory, was not accompanied by the certificate of a clerk of court, prothonatory, or other officer, as was required by the laws of the territory at the time these instruments were recorded.   No more specific objection appears in the record, and the questions presented to the court for determination by such objection would be—*First*.   Had the execution of these instruments been admitted by the pleadings so as to render further proof unnecessary?   *Second*.   Had the recording of them without the certificate mentioned been cured by the curative act of January 6, 1873, which was intended to give the same force and effect to the record of instruments unaccompanied by the additional certificate as to those which were?

It further appeared that the register of deeds, in recording these instruments, did not indicate upon his record either by "L. S." or a scroll with the word "Seal" inside it, or otherwise, that there was any impression of a notarial seal on either instrument. This ground for error was most strenuously urged by appellant in this court. Had this special objection been stated at the trial, it could have been obviated at once by filing the instruments for record, and bringing them back in the hands of the recorder. The general rule is that an objection, which, if properly made on the trial, could have been obviated, will not be heard on appeal. The rule is so stated in Merritt v. Seaman, 6 N. Y. 168; Levin v. Russell, 42 N. Y. 255; and McNulty v. Batty, 2 Pin. Wis. 59.

Again, it appears that the original answer of Byron M. Smith was superseded by an amended supplemental answer. The original answer was verified by Smith, and on the trial plaintiff's counsel offered in evidence so much of it as admitted the execution of the power of attorney and the deed. This evidence was clearly admissible, and sufficient proof of the execution of those instruments. In Cook v. Barr, 44 N. Y. 156, EARL, C., in rendering the opinion of the court, says: "Where a party to a civil action has made admission of facts material to the issue in the action, it is always competent for the adverse party to give them in evidence; and it matters not whether the admissions were in writing or parol, nor when nor to whom they were made." The same rule is laid down in Shafter v. Richards, 14 Cal. 125; and in the late case of Brown v. Pickard, 9 Pac. Rep. 573. In Philadelphia W. & B. R. Co. v. Howard, 13 How. 307, it was held that when a corporation had in one action admitted, through its counsel, that a certain instrument bore the corporate seal, that admission could be put in evidence in another action, to prove that the seal on the instrument was the seal of the corporation.

Again, the execution of both the power of attorney and the deed was admitted by the amended supplemental answer. Appellants' counsel insists that the part of the answer in which the admissions occur is a separate and distinct defense, and

that plaintiffs below were bound, notwithstanding these admissions, to prove every fact put in issue by the general denial of the answer. Such is not the rule. In Hartwell v. Page, 14 Wis 53, which was an action against a sheriff for the unlawful taking of goods, the court says: "The answer specifically admits that the goods in question had been sold by King to the plaintiff, and seeks to avoid the sale by alleging that it was fraudulent. It is true it first contains a general denial of the allegations of the complaint; but we have several times decided that although, under the code, a defendant may set up as many defenses as he pleases, yet he cannot, by making repugnant allegations, compel the plaintiff, in order to avoid a denial in one part of the answer, to prove any facts specifically admitted in another part." In Derby v. Gallup, 5 Minn. 85, which was an action for taking and converting personal property, the answer contained a denial of each and every allegation of the complaint, and, in a further defense set up that the goods belonged to a third party, and that defendant took them on a writ duly issued against said third party. The court held that the taking was admitted. The opinion in that case is very full, and was made still more exhaustive on an application for reargument. Barnnm v. Kennedy, 21 Kan. 181, is another case in point. In fact the rule laid down in Hartwell v. Page is not questioned, so far as we know, by any decision rendered under a code similar to our own. Mutual Ins. Co. v. Newton, 22 Wall. 32, is relied upon by appellant. In that case suit was brought upon a life insurance policy. Among the proofs submitted to the company was the verdict of a coroner's jury, which stated that the deceased came to his death "by a pistol shot, fired by a pistol in his own hand, through the heart." The policy contained a provision rendering it void in case of suicide. When the proofs were presented to the agent of the company he said they were sufficient as to the death of insured, but that they also disclosed the fact that insured came to his death by his own hand; therefore the company was not liable. On the trial this admission of the agent was put in evidence to prove the death of the insured. But when the com-

pany offered in evidence the preliminary proof submitted to them, containing said verdict, they were excluded. In his charge to the jury the judge separated that part of the agent's admission which admitted the death from the accompanying language, that the proof disclosed a case of suicide. This was held error by the supreme court, as was also the refusal to allow the company to put in evidence the preliminary proofs mentioned.

Again, we do not think that the mere omission of "L. S." or a scroll indicating a seal, from the record of these instruments, destroyed the admissibility of the originals in evidence. At the time these deeds were recorded the statute of the territory provided that a deed duly acknowledged was entitled to be read in evidence without further proof of its execution. Such is the law at present in many of the states. Under our present Code, §§ 651, 494, every deed acknowledged, or proved and duly recorded, is admissible in evidence; and a deed is deemed to be recorded when, being duly acknowledged, etc., it is deposited for record. These instruments, supposing them to have been cured by the act of 1873 as to the admission of the certificates before mentioned, were once entitled to be read in evidence without having been recorded. Section 25, p. 271, Laws 1862. Our present code was enacted in 1877. Section 671 reads: "All conveyances of real property, made before this amended code goes into effect, and acknowledged or proved according to the laws in force at the time of such making and acknowledgment or proof, have the same force as evidence, and may be recorded in the same manner, and with like effect, as conveyances executed and acknowledged in pursuance of this chapter." It is, to say the least, not clear that an instrument executed and acknowledged prior to the enactment of our present statute, so as to be admissible in evidence under the law of 1862, must be recorded in order to render it admissible now. Appellant's counsel cite many cases to show that these instruments were not duly recorded, and therefore not admissible in evidence. Most of those cases, however, have reference to the effect of an imperfect record as notice, and not to the exact question here presented.

It may be conceded that, as a general proposition, an instrument is not duly recorded, so as to be admissible in evidence under our statute, unless the record of that instrument would be constructive notice of its contents, Still, there may be exceptions. The question is ably considered in Meskimen *et al* v. Day, 10 Pac. Rep. 14, decided by the supreme court of Kansas in March, 1886, cited by appellants. The law in Kansas in regard to recorded instruments being admissible in evidence is essentially the same as here. In the case mentioned the record of a lost deed was offered in evidence. The record did not show that the deed bore the seal of the notary who took the acknowledgement. The record was on that account rejected. It will be observed that for that case to have been exactly like the one at bar the deed should have been offered, bearing the seal, and rejected because the record did not show that it bore the seal. But the force of the decision in that case is somewhat impaired as an authority in point here, because the court says: "After the rejection of the record from the office of the register of deeds, the plaintiffs offered and were allowed to prove the contents of the lost deed. In this way the court became possessed of all its terms and conditions, and therefore we do not perceive that the ruling of the court rejecting the record of the deed was very material in the case."

In Starkweather v. Martin, 28 Mich. 472, the only point on which the case turned was the effect of the presumed clerical error of a register in omitting from the record anything to indicate that the deed bore a seal. The question is there fully and ably discussed, and the question there presented is very nearly identical with the one under consideration. There the record of a deed was offered in evidence. It did not show that the original was sealed by the grantor, as was required by law. The court below excluded it. The supreme court, after the fullest consideration, no other point being raised, granted a new trial. The following language of that court is appropriate here: "We have an entry, as the record of a deed, made by a register of probate more than forty years ago,—an entry made shortly after the organization of the county, when the county

was new, and when, in some districts, there was great loose-
ness, carelessness, and irregularity in the making and care of
records.    The entry was certainly considered by the officer as
authorized, and was as certainly intended to be a regular and
legal record of a deed.    It was his duty to record it, if it was
sealed.    It was contrary to his duty to record it, if it was not
sealed. ''    In conclusion the court says:    ''Upon full considera-
tion, we think the evidence derived from facts, inferences and
presumptions supports the opinion that the original was sealed
and that enough appeared upon the face of the registry, when
rightly viewed, to denote the fact.''

The case here presented is in some particulars much
stronger than that.    Here we need no inferences nor presump-
tions from which to conclude that the original instruments were
sealed, and that the seals were omitted from the record by mis-
take of the recorder.    The originals were before the court
bearing the seals, and evidence was submitted proving that the
notarial seals were on the instruments when they were re-
corded.    All that was said in the Michigan case about the
country being new, and the officers but little informed as to
their duties, applies with full force in this case.    These instru-
ments were recorded in 1871 by the first register of deeds
elected after the organization of the county.    The instruments
in question were among the first recorded in the county    There
was at that time no law directing the manner of recording, or
indicating a method of representing seals.    It is plain that if
the attention of the court had been especially called to the fact
that the records did not bear any sign or device indicating that
the originals had seals, the originals being before him, and
proof being submitted that the impression of the seals had not
been added after the recording, he must have concluded that
their omission was a mere clerical error, there was therefore no
error in admitting these instruments in evidence.

But if error had been committed in admitting in evidence
Gale's title papers, it was cured when the appellants' attorneys
put in evidence the deposition of Brosseau, and put upon the

stand William H. Grant, who, as attorney in fact for Margaret Frazier, executed the deed in question. In his amended supplemental answer, Smith, after setting out the execution of a power of attorney by Margaret Frazier to William H. Grant, and a deed by Grant as such attorney to Louise E. Gale, and after giving the book and page of the county records where said instruments were recorded, says, "that said above mentioned pretended deeds, and no others, are referred to and mentioned in said complaint as the deeds of said Margaret Frazier to said Louise E. Gale." In his reply, Gale, referring to the same instruments, admits, "that said title papers are the ones referred to in plaintiffs' complaint, and those under which he claims." With the pleadings in that condition, appellant, in the court below, objected to the introduction of the title papers in evidence, and then put in evidence the deposition of Brosseau, who testifies that he obtained two powers of attorney from Margaret Frazier; that one of them was made to William H. Grant; and under that one he got Grant, as attorney for Margaret Frazier, to execute the deed. Grant was also put upon the stand, and with the deed before him, practically admitted that he executed it. Appellants then put in evidence the records of those very instruments.

The general rule is that where a party makes a valid objection to the introduction of evidence, and afterwards puts in evidence proving the same facts, he waives his objection. COWEN, J., in Hoyden v. Palmer, 2 Hill, 209, says: "It is then in principle, like the case of a judge erroneously receiving evidence to a fact against the party, to which he excepts, but afterwards insists upon and proves the same fact himself. That has been often allowed to defeat the effect of the exception." In many respects this case is like that of Hinde's Lessee v. Longworth, 11 Wheat. 199. There a deed had been offered in evidence and rejected because of a defective acknowledgment. Afterwards other proof, not objected to, and tending to establish the execution of the deed, was submitted by plaintiff. The supreme court says: "What that proof was is not stated, but we presume it to have been enough to prove the due execution

of the deed, both because it does not appear to have been objected to, and because the defendant went into evidence to show the deed was fraudulent and void, which would have been altogether irrelevant if the deed had not been sufficiently proved to be submitted to the jury. This might supersede the necessity of this court expressing any opinion upon the sufficiency of the acknowledgment of the deed, because, admitting the court below erred in rejecting it in the first instance, still as it was afterwards, in the progress of the trial, duly proved, the judgment would not be reversed on account of that error, if this was the only question in the case." To the same effect is Ostland v. Porter, 25 N. W. Rep. 731, decided by this court.

Appellants insist that the court below erred in finding the question of fraud in procuring the title from Margaret Frazier to Louise E. Gale against defendant. There is scarcely any foundation for such claim. The only evidence tending to show such fraud was in the deposition of Brosseau. If any fraud was perpetrated, he was, according to his own showing, party to it. If Margaret Frazier was defrauded out of this land, Brosseau and Grant did it for $160, according to Brosseau's testimony. Grant gave no evidence on the question of fraud. An examination, not very critical, of Brosseau's deposition, discloses a class of evidence upon which a court might safely hesitate before finding a fraud had been perpetrated, especially when other evidence in conflict with it was in the case. Plaintiff's evidence tended to show that he bought the land for his wife, and paid for it, and knew nothing of the alleged fraud. If, from the evidence, and with the witnesses before him, the trial judge found no fraud had been committed, the difficulty is still greater for us to say from the record that there was error in such finding.

Upon the question whether the records· of the deed and power of attorney were sufficient to give Smith constructive notice of Gale's title it is not necessary for us to pass. In his original answer, parts of which we think were correctly received in evidence, Smith admitted the possession by Gale and wife on and after the year 1876. The proof submitted tended

conclusively to show that Gale's possession was the same in 1874, when the deed under which Smith claimed was made, that it was in 1876. The possession of a strip about 24 rods wide, on and after 1876, was admitted in Smith's last answer; and we think the possession of the whole tract, as alleged in the complaint, was fully established by the evidence. It was decided in Ellicott v. Pearl, 10 Pet. 432, and there stated to be a well settled rule of that court, that, when one enters under color of title by deed, his possession is deemed to extend to the bounds described in the deed, although his actual settlement and improvements were on a small parcel only of the tract. Our statute (Section 46, Code Civil Proc.) is to the same effect. See, also, Lessee of Ewing v. Burnett, 11 Pet. 41. The possession of any part of the land was notice to Smith sufficient to put him on his inquiry, and he was bound to use due diligence in his efforts to ascertain the full extent of Gale's claim. This doctrine is laid down by Washburn in the third volume of his work on Real Property, 283, 284; and is supported by Landes v. Brant, 10 How. U. S. 370; Fair v. Stevenot, 29 Cal. 486; Lestrade v. Barth, 19 Cal. 676; Landers v. Bolton, 26 Cal. 394; Musgrove v. Bonser, 20 Amer. Rep. 737; Bishop v. Schneider, 2 Amer. Rep. 533; Williamson v. Brown, 15 N. Y. 354; Kellogg v. Smith 26 N. Y. 18; Reed *et al.* v. Gannon, 50 N. Y. 345; Ellis v. Hoeman, 90 N. Y. 466.

Judgment affirmed.

All concur, except TRIPP, C. J., who, having been of counsel, did not sit in the case.