CHESTER W. SANFORD v. MARIA W. SAFFORD and Others.[1]

November 23, 1906.

Nos. 14,962—(111).

**Adverse Possession—Conveyance by Tenant in Common.**

    A tenant in common of certain land executed a deed which purported to convey the entire land. The grantee recorded the deed and went into possession thereunder, and held adverse possession of the land for more than twenty years. The other tenant in common knew of such possession but did not know of the existence of the deed. *Held:*

    (1) That the possession of the grantee in the deed was that of an apparent stranger.

    (2) The rule that a tenant in common, who has knowledge of the existence of a deed executed by his co-tenant, may assume that such co-tenant has conveyed only his interest in the land is not applicable as it appears that the other tenant had no knowledge that the party in possession was claiming under a deed.

    (3) Where one tenant in common attempts to convey by warranty deed the whole estate in fee and his grantee records his deed and enters upon

[1] Reported in 109 N. W. 819.

the land and claims and holds exclusive possession of the whole thereof, the possession and claim are adverse to the title and possession of the co-tenant. Hanson v. Ingwaldson, 77 Minn. 533.

Appeal by plaintiff from a judgment of the district court for Dodge county, entered pursuant to the findings and order of Buckham, J. Affirmed.

*S. L. Pierce,* for appellant.

*J. W. Mason,* for respondents.

ELLIOTT, J.

The appeal is from a judgment entered in an action for the partition of certain land, and the only question is whether the conclusions of law result from the findings of fact.

The essential facts as found by the court are as follows: The forty-acre tract of land in question was patented to the heirs of Augustus Miller. Through certain conveyances James B. Miller, as one of the heirs, became the owner of an undivided three-fourths interest in the land. The other one-fourth interest was in Helen B. Miller. On July 9, 1872, James B. Miller executed to one Mary Huston a warranty deed which purported to convey the entire forty acres. This deed was duly recorded on January 30, 1875. Mary Huston executed to one Cremer a quitclaim deed which also purported to convey the entire tract, and he, by a warranty deed dated May 28, 1877, conveyed the same land to Maria W. Safford. This deed was recorded on June 30, 1877, and the grantee went into possession of the entire tract and "has ever since continued in the actual, open, notorious, exclusive, and adverse possession of said land and of the whole thereof, claiming title to the same, and has during all said time, and up to the time she conveyed the same as hereinafter stated, cultivated and improved the same, claiming title in fee to said land, and has during all said time paid the taxes thereon except the taxes for the year 1877 which were paid by the plaintiff for the purpose of procuring the record of his wife's deed from Helen Rosebraugh, hereinafter mentioned." On September 16, 1893, Maria W. Safford executed to the defendant George W. Kent a warranty deed of said premises which was duly recorded on October 4, 1893, and under which he has since been in possession of the premises

cultivating same. On July 4, 1878, and while the defendant Maria W. Safford was in the actual possession of the land, Helen A. Miller, one of the heirs of Augustus Miller, and then the owner of an undivided one-fourth of said tract, executed, her husband joining therein, a quitclaim deed of the forty-acre tract to Dorcas A. Sanford, then the wife of the plaintiff, which deed was duly recorded on July 22, 1878. Thereafter Dorcas A. Sanford died intestate, and the interests of her heirs in the land passed by conveyances to the plaintiff, Chester W. Sanford. At the time the defendant Maria W. Safford purchased the premises, the land was partly covered with grubs, "neither very large nor very numerous," and there was thereon about twelve acres of breaking made by Augustus Miller. Shortly after the purchase of the land by Maria W. Safford, she grubbed and broke up that part not previously under cultivation, and during her occupation for the most part cultivated each year the entire forty-acre tract. During all of said time the plaintiff and his wife, up to the time of her death, resided within about one-half mile of the land in question. At the time of her purchase, and up to the time of her death, Dorcas A. Sanford had no actual knowledge of the character of the deed under which the defendant Maria W. Safford was holding possession nor any notice thereof except as would be implied from its due record.

From these facts the trial court properly found that George W. Kent is the absolute owner of the land free from any claim of Dorcas A. Sanford, or any one claiming under her.

It appears that Dorcas A. Sanford had no knowledge of the character of the deed under which Maria W. Safford was holding possession, nor had she any knowledge of the fact that any deed had been executed to Mrs. Safford. The party in possession was therefore a total stranger, and there is nothing to show that Mrs. Sanford knew that Mrs. Safford was holding, or was claiming to hold, under a conveyance from the other tenant in common. Without knowledge of the existence of a deed from the other tenant in common, the principle that one such tenant is entitled to assume that the other tenant has conveyed only his interest, has no application. This is simply, then, a case of an apparent stranger entering upon real estate and holding open, notorious, and exclusive possession thereof, adverse to all the world, for the statutory period. The facts were sufficient to put Mrs. Sanford upon in-

quiry, and, had she investigated the nature of the claim of Mrs. Safford, she would have discovered that the latter was in possession under a deed, which was duly recorded, which purported to convey to her an absolute title to the entire tract. We are not required to determine whether the record of the deed was alone sufficient to put the other tenant in common upon inquiry. Under the circumstances of the case the record of the deed, in connection with the actual possession of the land taken thereunder, was notice to all parties interested that Mrs. Safford claimed to own the entire tract of land. It is settled by the previous decisions of this court that, where one tenant in common attempts to convey by warranty deed the whole estate in fee and his grantee records his deed and by virtue thereof enters upon the estate and claims and holds exclusive possession of the whole thereof, the possession and claim are adverse to the title and the possession of his co-tenant and amount to a disseisin. Ricker v. Butler, 45 Minn. 545, 48 N. W. 407; Hanson v. Ingwaldson, 77 Minn. 533, 80 N. W. 702, 77 Am. St. 692. See also Bloom v. Sawyer, 28 Ky. Law, 349, 89 S. W. 204; Chapman v. Kullman, 191 Mo. 237, 247, 89 S. W. 924; Gardiner v. Hinton, 86 Miss. 604, 38 South. 779; Stovall v. Judah, 74 Miss. 756, 21 South. 614; Sedgwick & Wait, Trial of Title to Land, § 224.

The appellant lays undue stress upon the fact of the recording of the deed and disregards the effect of the fact of possession. The possession alone in this case, being that of a stranger, was sufficient to put Mrs. Sanford upon inquiry, and investigation would have disclosed the existence and character of the deed. Certainly the deed duly recorded and the possession taken and held thereunder was sufficient. The order from which the appeal is taken is therefore affirmed.