Max Koch, Appellant, v. William Ellwood, Respondent.

Second Department, May 26, 1910.

Real property — adverse possession — salt meadow — trial — burden of proof — exception of statute.

Ditches around three sides of a salt meadow, which is bounded on the fourth side by a creek, constitute a "substantial inclosure" within the meaning of section 370 of the Code of Civil Procedure so as to give title by adverse possession.

Annual mowing of the salt grass on such lands is also sufficient compliance with the requirement of said section that the lands shall be "usually cultivated."

Where, in an action for breach of covenant of seizin, the plaintiff shows title in third parties by inheritance, but the defendant establishes that he had good title by adverse possession and brings himself within sections 369 and 370 of the Code of Civil Procedure, the burden is on plaintiff to show that the case falls under one of the exceptions in section 375.

APPEAL by the plaintiff, Max Koch, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 13th day of November, 1909, upon the decision of the court, rendered after a trial at the Richmond Special Term, dismissing the complaint upon the merits.

*Paul Gross,* for the appellant.

*L. W. Widdecombe,* for the respondent.

Judgment affirmed, with costs, upon the opinion of Mr. Justice THOMAS at Special Term.

HIRSCHBERG, P. J., BURR, RICH and CARR, JJ., concurred.

The following is the opinion delivered at Special Term:

THOMAS, J. :

The land in question consists of eight acres of salt meadow, lying between Midland Beach and South Beach, in the borough of Richmond. Isaac Barton had the title. He died December 8, 1860, leaving a will probated February 15, 1861, whereby the land was devised to his brother, Samuel Barton, who had died in 1858, leaving as his heirs at law Edward P. Barton, Samuel Barton, sons, and Anna L. Hazard, daughter, who conveyed to the defendant on the 6th day of January, 1887. The defendant conveyed to plaintiff by deed dated February 15, 1907, containing covenant of seizin for alleged breach of which this action has been brought. The answer admits the covenant and denies the breach.

Unless the defendant held by adverse possession, there was a breach, as the devise to Samuel Barton lapsed and his children inherited from their uncle Isaac one-sixth interest, which later by the death of Joseph Barton, a brother of Isaac, was increased to a one-fifth interest. The remaining five-sixths interest were at Isaac's death taken by his brother Joseph and descendants of deceased sisters. The plaintiff was bound to prove breach of the covenant. (*Woolley* v. *Newcombe,* 87 N. Y. 605; *Zarkowski* v. *Schroeder,* 71 App. Div. 529.)

The plaintiff showed that the defendant had no title to four-fifths of the land by deed or by inheritance. But the defendant claimed

title by adverse possession, and I conclude he had such title at the time of his conveyance. The land has been for at least thirty years surrounded by a ditch or ditches, and in part by a branch of New creek, constituting in a legal sense a "substantial inclosure," and has been "usually cultivated." The cultivation is that usual in that vicinity for such land, and is such as the nature of the land alone permits. The salt grass has been cut. To this and this use only the land is adaptable. To mow annually salt grass from a salt marsh is equivalent to the annual mowing of a superior quality of grass on firmer and dryer ground, and the humbler and less profitable and productive crop is none the less in the quality of the act a cultivation of the soil. If such cultivation does not meet the requirements of the statute, such land cannot become the subject of adverse possession through cultivation.

Since writing the above I find that the Appellate Division of this department, Mr. Justice MILLER writing the opinion, has definitely approved of such holding. (*Shinnecock Hills & Peconic Bay Realty Co.* v. *Aldrich*, 132 App. Div. 118.)

I do not understand that in *Roberts* v. *Baumgarten* (110 N. Y. 380) the court found that the devotion of the land to the annual cutting of salt meadow grass could not be sufficient evidence of adverse possession, but "that an occasional resort to lands," such as was shown in the case at bar, would be insufficient evidence of possession. In *Wheeler* v. *Spinola* (54 N. Y. 376, 387) the plaintiff "once a year * * * entered upon" the land "and cut and removed a load or two of thatch," and it was held that such act could not confer title by adverse possession.

So in *Price* v. *Brown* (101 N. Y. 669) "an occasional foray" upon the land for grass or sand were held insufficient. In *Roe* v. *Strong* (119 N. Y. 316) the cutting of thatch was considered evidence of adverse possession. In *Trustees, etc., Town of East Hampton* v. *Kirk* (84 N. Y. 215, 221) it was held that the act of taking seaweed was evidence of adverse possession.

The adverse possession was sufficient in time. The children of Samuel Barton took the land, thereafter had exclusive possession of it, that is, they alone gathered the crop; they rented it; they sold it to Ellwood; he claimed under his deed and did what others had done, paid the taxes and was the reputed owner. No one of the

other persons inheriting interest in the land, so far as the record shows, has had any actual relation to it. Even if the possession of the Bartons should be deemed the possession of their cotenants their grant to Ellwood was hostile to such tenants, and Ellwood claimed title under such deed from January, 1887, to February, 1907. This brings the case within sections 369 and 370 of the Code. It may be objected that some of the descendants of some of the heirs of Isaac were infants at the time of such conveyance. As observed, the burden of proof is upon the plaintiff to show breach of the covenant. The plaintiff shows legal title by inheritance of a portion of the land in certain of Isaac's heirs. The possession is presumed to follow the legal title, and such evidence makes a *prima facie* case for the plaintiff. This the defendant meets by showing adverse possession for twenty years and thereby brings himself within the Code section cited. This is a general statute of repose, to which there are exceptions in section 375. If the plaintiff claims that the case falls within an exception to the statute I think that he should prove it, as the rule usually requires, and that the defendant having brought himself within the main section is not bound to show that there were disabilities of some one or all the varieties for which section 375 provides. Decree for defendant, with costs.

---

William E. Young, Respondent, *v.* Grenville M. Ingalsbe, as Executor, etc., of Lyman H. Northup, Deceased, Appellant.

Third Department, May 4, 1910.

Limitation of action — part payment — void contract of sale — running account.

Where one indebted for money loaned orally consented to let his creditor have certain law books of the value of $77 on account, but there was no change of possession and nothing done to extinguish any part of the debt, no title to the books passed by virtue of the Statute of Frauds, and the contract was insufficient as a part payment to save the debt from the Statute of Limitations.

An oral transaction whereby the debtor purchased a typewriter of plaintiff within six years of the bringing of the action does not aid in reviving the outlawed claim.