TAYLOR, Respondent, v. EDGERTON, Appellant.

(173 N. W. 444).

(File No. 4531. Opinion filed June 24, 1919).

1. **Limitation of Actions—Adverse Possession of Realty—Warranty Deed by Co-devisee—Good Faith, Deed as Evidence of.**

Where all devisees of a testator conveyed realty by warranty deed to one who entered into possession thereunder, held, that the deed was sufficient to import good faith in grantee in taking open and notorious possession thereunder, and in enjoying all the fruits thereof.

2. **Same—Removal of Hay as Constituting Adverse Possession—Statute.**

The removal of the crop of hay upon land entered upon by one holding under a warranty deed from devisees of realty, was sufficient to constitute adverse possession, under Code Civ.

Proc. 1903, Sec. 48, providing that a person claiming title founded on written instrument shall be deemed to have possessed and occupied it, where land has been usually cultivated or improved and used ordinarily by occupant.

3. Same—Adverse Possession, Deed From Tenants in Common Conveying Undivided Title, Notorious Reservation of Fruits, As Evidence Of.

One in possession of land claiming under a deed purporting to convey full undivided title from a part of tenants in common, and openly and notoriously reserving to himself full fruits of the land, holds possession, which from its inception is adverse to other tenants in common.

4. Real Property—Adverse Possession, Notice of by Adverse Claimant, Presumption Of—Claim Under Unrecorded Deed, Notice of Possession Under as Constructive Notice of Deed.

It will be presumed that a co-tenant, an adverse claimant to realty, had notice of one in open and notorious possession of land claiming under a warranty deed from the co-tenants purporting to convey full undivided title; and with notice of such possession, he would have constructive notice of the unrecorded deed, under which such possession was claimed.

Appeal from Circuit Court, Clay County. Hon. Robert B. Tripp, Judge.

Action by Henry G. Taylor, against Charles C. Edgerton, to quiet title to realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Bangs & Wood,* and *Thomas E. Eastman,* for Appellant.
*John L. Jolley,* and *French, Orvis & French,* for Respondent.

(3) To point three of the opinion, Respondent cited:

Oglesby v. Hollister (Cal.), 18 Pac. 146; Workman v. Guthrie (Penn.), 72 Am. Dec. 654; Talbott v. Woodford (W. Va.), 37 S. E. 580.

WHITING, J. One Reuben Edgerton, a resident of Clay county, territory of Dakota, now state of South Dakota, died testate in 1887, devising his real estate to three of his six children. Probate proceedings were instituted in Clay county, and the said will was allowed probate, and executor appointed and qualified in June, 1887. In May, 1890, the children to whom the deceased had bequeathed his real estate conveyed a portion thereof to one Lewis Larson, by warranty deed, such deed purporting to convey the entire fee-simple estate. Larson at once placed his deed of record. Larson removed the crop of

hay growing thereon in 1890, and thereafter removed the crop of hay during each and every year until 1910, in which year he died. Larson also paid the taxes on said land from the year 1890 up to the time of his death. In the administration of the Larson estate this land was set over to the heirs, and no question is raised as to the regularity of the probate proceedings. All of said heirs save one conveyed their interests to the remaining heir. This heir broke up the land, and thereafter conveyed same to plaintiff. The heirs of said Larson continued to remove the crops of hay until the land was broken, and since the land was broken plaintiff has cultivated same, and the Larson heirs and plaintiff have paid the taxes on said land up to the time of the commencement of this action. In this action plaintiff seeks to quiet title to said land as against the claims of a son of Reuben Edgerton, which son was not mentioned in his father's will. The trial court made no findings or conclusions in relation to the regularity or validity of the probate proceedings in the Edgerton estate. It found that plaintiff and those under whom he claims had been in actual adverse possession of said land for more than 20 years, claiming title in good faith under the deed of the Edgertons to Larson, and had paid taxes during all of said time. It concluded that the plaintiff had acquired title under and by virtue of 10 years' adverse possession and payment of taxes (section 54, C. C. P.), and also under and by virtue of 20 years' adverse possession. Section 43, C. C. P.; section 898, C. C. From the decree entered herein and from an order denying a new trial this appeal was taken.

Appellant contends that the trial court erred in finding that the possession of Larson, his heirs, and their grantees was adverse, or that said Larson entered into such possession in good faith under claim of title based on the deed of the Edgertons to himself—the claim of appellant being that, inasmuch as it appears that the administration of the Edgerton estate did not finally close until the year 1913, up to such time the possession of the grantee of the three Edgerton heirs was but the possession of a cotenant: furthermore there was no affirmative proof that Larson entered said land in good faith, or that his possession was based upon his deed.

[1, 2] We find no merit whatsoever in any of appellant's con-

tentions. The deed to Larson was sufficient to import good faith on his part (2 C. J. 203), and certainly when one enters into the possession of land under a warranty deed and remains in open and notorious possession, enjoying all the fruits thereof, it certainly must be presumed, in the absence of any evidence to the contrary, that he took and retained such possession in good faith. The removal of the crops of hay was sufficient to constitute adverse possession under section 48, C. C. P. Shinnecock, etc., Co. v. Aldrich, 132 App. Div. 118, 116 N. Y. Supp. 532; Koch v. Ellwood, 138 App. Div. 584, 123 N. Y. Supp. 502.

[3, 4] Furthermore, it is well settled that one who enters into the possession of land under and by virtue of a deed from a part of the tenants in common (such deed purporting to convey the full undivided title), and openly and notoriously reserves to himself the full fruits of said land, holds a possession which, from its inception, is adverse to the other tenants in common. There is neither claim nor proof that appellant was in ignorance of Larson's possession or the existence of the deed under which he claimed. It will be presumed that he had notice of such possession, and with notice of such possession he would certainly have constructive notice of the deed under which the possession was claimed, even if such deed had not been recorded. That a conveyance by one cotenant to a stranger, and possession taken and held, under facts and circumstances such as are disclosed in this case, is sufficient upon which to found title by adverse possession is settled by the overwhelming weight of, if not by unanimous, authority. See notes in 32 L. R. A. (N. S.) 702, and in Ann. Cas. 1915C, 1232. See, also, 1 R. C. L. 743, and the case of Sanford v. Safford, 99 Minn. 380, 109 N. W. 819, 116 Am. St. Rep. 432.

The judgment and order appealed from are affirmed.