SIOUX CITY BOAT CLUB, Respondent v. MULHALL et al., Appellants

(117 N.W. 2d 92)

(File No. 9972. Opinion filed September 21, 1962)

Rehearing denied December 17, 1962.

**Bogue & Weeks,** Vermillion, for Defendants and Appellants.

**Donley & Donley,** Elk Point, **Crary & Huff,** Sioux City, Iowa, for Plaintiff and Respondent.

ROBERTS J. This is an action commenced by the Sioux City Boat Club, a corporation, to determine adverse

claims to title in several tracts of land alleged to be situate in Union County, South Dakota. The only defendants who claim any title or interest in any part of the land involved are Terry Mulhall and Evelyn H. Mulhall. They answered and alleged that they were the owners and in possession of the Northeast Quarter of Section 34 and the Southeast Quarter and the West Half of the Southwest Quarter of Section 27, Township 89, Range 48, Union County, South Dakota. Plaintiff prevailed in the trial court and the named defendants have appealed. The present controversy involves only the land claimed by them.

After oral arguments on the merits and submission for determination in this court, counsel for appellants filed a supplemental statement and brief claiming that substantially all of the Northeast Quarter of Section 34 and most of the South Half of the Southwest Quarter of Section 27 are not within the State of South Dakota and in support of this position there is attached a plat of the boundary line between South Dakota and Nebraska in the area of the land in controversy as fixed by compact between South Dakota and Nebraska in 1905. In Dailey v. Ryan, 71 S.D. 58, 21 N.W.2d 61, there appears a history of the adoption of the compact referred to and approval by Congress. In that case this court said: "Prior to 1905 the states had appointed commissioners to agree upon a boundary line. The commissioners recommended 'that the portion of the boundary line between the State of South Dakota and the State of Nebraska, lying and being south of Union County, South Dakota, shall be in the middle of the main channel of the Missouri River, as now existing.' They attached a plat to their report, and stated therein, that 'The middle of the main channel, of the Missouri River, as now existing within the territory covered by said plat, and as determined and located by said Surveyor, is shown upon said plat by a red line.' The resulting compact states, 'the boundary line * * * shall be in the middle of the main channel of the Missouri River, as now existing.' In our opinion, the compact is unambiguous. The words 'as now existing' appearing

therein, utterly foreclose the construction for which plaintiffs contend. We hold that the compact describes a fixed boundary line." Upon the facts in that case, this court concluded that the trial court was without jurisdiction of land which by reason of gradual change of course of the Missouri River was located south of the boundary line as fixed by the compact in 1905 where there was no evidence that Nebraska had acquiesced in the exercise of sovereignty over such land.

Appellants did not by their answer put in issue the question of territorial jurisdiction or otherwise bring it to the attention of the lower court. It is contended by respondent that the question not having been presented to the lower court is not properly before this court on appeal. Matters of jurisdiction are always before the court and the general rule that this court considers questions first passed on below does not apply where the objection to jurisdiction is properly interposed. Moreover, courts are bound to take judicial notice of the extent and boundaries of the territory within which they may exercise jurisdiction. 20 Am.Jur., Evidence, § 59. Where the want of jurisdiction appears on the face of the record or from a geographical or other fact of which this court may take judicial notice, it becomes the duty of this court to determine whether it has jurisdiction as a condition precedent to its right to decide the issues involved.

Appellants do not claim and the plat showing the survey made by direction of the commissioners appointed to agree upon a boundary and made part of their report submitted in 1905 does not show that the lands involved on this appeal are wholly within the State of Nebraska. The boundary in question does not change in consequence of a change in the course of the river. Dailey v. Ryan, supra. It is conclusively shown by the record that the channel of the Missouri has shifted southward toward its present location and from the evidence including an aerial photograph it appears that this

has left accretions attached to the north shore in Sections 27 and 34. The trial court as indicated above did not undertake to determine location of the boundary or what proportion or acreage of the land in controversy is north of the boundary. It appears without question that at least a part of the land involved is in this state and that the lower court had jurisdiction to determine adverse claims and quiet title thereto.

The facts and circumstances in consequence of which plaintiff, Sioux City Boat Club, asserts title by adverse possession for twenty years and adverse possession under claim and color of title and payment of taxes for ten successive years are as follows: Joseph Shay died testate June 28, 1919. The disputed lands in Sections 27 and 34 and other lands including described portions of Sections 26 and 35, all in Township 89, Range 48, Union County, were set over and distributed by final decree of the county court of Union County to Julia Shay, widow of the deceased. Mrs. Shay transferred her interest in this land by warranty deed dated August 11, 1919, to her eight children. In the years 1923 and 1924, these grantees by warranty deeds which were in those years recorded purported to convey the same described lands to the Sioux City Boat Club.

Appellants contend that they are the record owners of the disputed land in Section 27 by the deraignment of title from grantees of government patents. Their claimed title to the disputed land in Section 34 derives from a tax deed executed and delivered on January 1, 1880, by the treasurer of Union County, Dakota Territory. No question is presented as to the regularity of the tax sale proceedings.

Plaintiff claims that it has asserted title by placing mortgages on the property, paying taxes, leasing the land for the growing of crops and collecting rentals. The record indicates that plaintiff corporation executed a mortgage purporting to encumber the land in dispute and other lands under date of September 18, 1923, which was recorded September 26, 1923. Thereafter plaintiff during the years 1924 to 1954 executed six other mortgages encumbering

this and other lands and each was recorded in the office of the register of deeds of Union County. The treasurer of Union County testified that she checked the records with respect to the lands here involved and prepared statements of taxes paid for the years 1940 to 1959, inclusive, which were received in evidence, and that with the exception of the year 1941 all receipts were made to the Sioux City Boat Club. Defendant Evelyn H. Mulhall paid the 1941 taxes.

The record indicates that the land involved in this action and other lands were in 1940 leased by the plaintiff to one Freeman Bruneau. John Osborn contracted in 1957 with plaintiff to clear certain tracts of trees and brush in consideration of the right to crop the land cleared without payment of rent. With this exception Freeman Bruneau has ever since been the lessee of all the lands leased to him in 1940. In the summer of 1942, plaintiff caused a dike to be constructed that extended across the land purchased from the heirs of Joseph Shay at an approximate cost of $600. Since 1940 corn has been grown on parts of the leased premises when not flooded. Tenant Bruneau testified that for a few years he planted thereon as much as 80 acres of corn. No part of the land during his tenancy was claimed adversely by anyone else.

The trial court found that plaintiff is the sole and absolute owner of the disputed tracts; "that the plaintiff has, for more than twenty years prior to the time of the commencement of this action, been in open, continuous, exclusive and hostile possession of the hereinafter described real property and under color of title from the heirs of JULIA SHAY has paid all real estate taxes levied and assessed against the hereinafter described property by Union County, South Dakota and for a period of ten years; that such possession has at all times been adverse to the defendants, TERRY MULHALL and EVELYN H. MULHALL, husband and wife, * * *. That during said time the plaintiff has farmed and partially enclosed parts of said property."

The principal contention advanced by appellants is that the evidence is insufficient to sustain the findings and the conclusions that plaintiff was in open, notorious and adverse possession of the land for more than twenty years prior to the commencement of this action and that it has been in adverse possession under color of title made in good faith and has paid taxes thereon for more than ten successive years.

■ ■ As heretofore stated the warranty deeds from the Shay heirs to plaintiff were executed and recorded in the years 1923 and 1924. Title to land becomes complete in an adverse occupant founding his claim upon a written instrument or decree when he and his predecessors in interest have maintained continuous adverse possession; claiming title against all persons, for the full statutory period of twenty years. SDC 1960 Supp. 33.0221; Murphy v. Dafoe, 18 S.D. 42, 99 N.W. 86; Sullivan v. Groves, 42 S.D. 60, 172 N.W. 926; Taylor v. Edgerton, 42 S.D. 106, 173 N.W. 444; Howe v. Shepard, 56 S.D. 158, 227 N. W. 839. Under the ten-year limitation statute, the elements and requisites of title are color of title to the real property, possession under claim and color of title made in good faith for the required time and payment of all taxes for ten successive years. If these requisites exist at the end of the statutory period, title is acquired. SDC 1960 Supp. 33.0228; Judd v. Meoska, 76 S.D. 537, 82 N.W.2d 283. They constitute the basis for adjudication of ownership in the same way and with the same force as twenty years of adverse possession under claim of right and without payment of taxes under the provisions of section 33.0221, supra. Murphy v. Nelson, 19 S.D. 197, 102 N. W. 691. It is manifest that while requirements differ, these statutes are supplementary and an action may at the same time fall within both limitations.

■ The first requisite as we have stated under section 33.0228, supra, is color of title. Such a title in statutes of limitations may be defined as that which is title in appearance, but not in reality. West v. Middlesex

Banking Co., 33 S.D. 465, 146 N.W. 598; Theisen v. Qualley, 42 S.D. 367, 175 N.W. 556. The words imply that the title is defective. Otherwise there would be no reason to rely upon adverse possession. Color of title is sufficient to sustain a good title against a prior owner if other requisites of the statute are complied with. In the present case the warranty deeds from the Shay heirs purported to convey title to plaintiff and there can be no question that they were sufficient to show color of title. Where a deed purports to convey title, it will be presumed that grantee in the absence of evidence to the contrary entered into and retained possession in good faith. Taylor v. Edgerton, supra. There is no evidence in the present case tending to charge plaintiff with bad faith with respect to claim and color of title.

█ The possession of one entering land under color of title is deemed to extend to the boundaries described in his deed except in so far as the land so included is in the adverse possession of another. 1 Am.Jur., Adverse Possession, § 207; Gale v. Shillock, 4 Dak. 182, 29 N.W. 661; Tarnovsky v. Security State Bank of Kildeer, N.D., 77 N.W.2d 828. The case made by the record does not fall within the exception. Appellants at no time before commencement of the present action in 1960 challenged plaintiff's right of possession with the exception of payment of the 1941 taxes by Evelyn H. Mulhall or made any effort to acquire possession of the land involved. Taxes for all subsequent years to the time of the commencement of this action were paid by plaintiff.

██ The ten-year limitation prescribed by section 33.0228 does not define the specific character of the possession required to make effective the bar. The decisions hold uniformly that although possession is held under color of title, it will not ripen into a complete title unless it is adverse. 2 C.J.S. Adverse Possession § 53. The possession must be of such hostile, visible and continuous nature as to give the true owner notice of actual possession and to put him on inquiry as to the invasion of his rights and that if he acquiesces in the occupancy for the statu-

tory period he will be barred from maintaining an action thereafter and the title of the adverse occupant will be complete. See Howe v. Shepard, supra. Plaintiff exercised actual, visible and continuous dominion over the property under claim of ownership and the adverse character of the possession was sufficient to satisfy the requirements of the ten-year statute of limitation.

■ ■ The trial court also concluded as we have stated that plaintiff founding his claim upon a written instrument had acquired title by adverse possession for the statutory period of limitation of twenty years. Appellants take the position that the facts and circumstances shown in this case do not meet the statutory test (SDC 1960 Supp. 33.0222) for determining the existence of adverse possession by a person claiming title founded upon a written instrument. Having determined that the record sustains the claim of title under the ten-year statute of limitation we need not belabor the question whether the twenty-year statute of limitation has also run against appellants.

The judgment appealed from is affirmed.

All the Judges concur.